# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Diana and Linda Thompson, | : Civil Action No.: 2:16-cv-182-WCO-JCF |
| | : |
| Plaintiffs, | : |
| v. | : |
| | : |
| Hunter Warfield, Inc.; and DOES 1-10, | : **COMPLAINT** |
| inclusive, | : **JURY TRIAL DEMANDED** |
| | : |
| Defendants. | : |

For this Complaint, Plaintiffs, Diana and Linda Thompson, by undersigned counsel, state as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      Plaintiffs, Diana and Linda Thompson ("Diana" and "Linda", respectively, and collectively referred to as "Plaintiffs"), are adult individuals

residing in Jasper, Georgia, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Hunter Warfield, Inc. ("Hunter"), is a Maryland business entity with an address of 96931 Arlington Road, Suite 400, Bethesda, Maryland 20814, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Hunter and whose identities are currently unknown to Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Hunter at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Hunter for collection, or Hunter was employed by the Creditor to collect the Debt.

11.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Hunter Engages in Harassment and Abusive Tactics**

12.     Within the last year, Hunter repeatedly called Linda in an attempt to collect the Debt allegedly owed by her adult daughter, Diana.

13.     Linda did not cosign for the Debt and is not responsible for its repayment.

14.     Hunter left numerous voicemail messages for Diana at Linda's number, despite knowing that the number did not belong to Diana.

15.     The voicemail messages stated that the calls were an attempt to collect the Debt from Diana.

**C. Plaintiffs Suffered Actual Damages**

16.     Plaintiffs have suffered and continue to suffer actual damages as a result of Defendants' unlawful conduct.

17.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

18.  Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.  Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Linda for a purpose other than to confirm or correct location information.

20.  Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants disclosed to Linda that they were calling about the Debt.

21.  Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with collection of the Debt.

22.  Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly with the intent to annoy and harass Linda.

23.  Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

24.  The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

25.  Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT,
## O.C.G.A. § 10-1-390, *et seq.*

26.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     Plaintiffs are each a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

28.     Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

29.     Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

30.     Plaintiffs suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

31.      Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, Plaintiffs are entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a);

5

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A);

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c);

4. Costs of litigation and reasonable attorney's fees pursuant to 15

U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d);

5. Punitive damages pursuant to O.C.G.A. § 10-1-399(a); and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 28, 2016

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiffs
Diana and Linda Thompson
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250 ext. 5500
Facsimile:   (203) 653-3424
Email: slemberg@lemberglaw.com